IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 30 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

NATIONAL ATM COUNCIL, INC., *et al.*,
Plaintiffs,

v.

VISA INC., *et al.*,
Defendants.

No. 1:11-cv-01803-RJL

ANDREW MACKMIN, *et al.*,
Plaintiffs,

v.

VISA INC., *et al.*,
Defendants.

No. 1:11-cv-01831-RJL

MARY STOUMBOS,
Plaintiff,

v.

VISA INC., *et al.*,
Defendants.

No. 1:11-cv-01882-RJL

**STIPULATED PROTECTIVE ORDER**

In order to protect private and confidential business and trade secret information consistent with the public's right of access to the Court's records and processes, and pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d), the undersigned parties to the captioned actions,

by and through counsel, agree and stipulate to this Protective Order, which binds all counsel in this action:

**I. Types of Materials Which May Be Designated Confidential or Highly Confidential**

1. Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, transcripts of and exhibits used during depositions and court proceedings, and any other material or information, produced pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii) or in response to discovery requests in this litigation, including any such material initially produced in another litigation (hereinafter, collectively, "Discovery Materials"), may be designated by a producing party or non-party as "Confidential" or "Highly Confidential" in accordance with this Protective Order.

2. "Confidential Information" shall include any Discovery Material which is not in the public domain and contains any private,[1] trade secret or other confidential financial, research, development, or commercial information.

3. "Highly Confidential Information" shall include any Confidential Information which is so competitively sensitive that it is entitled to extraordinary protections.

4. Any copies or reproductions, excerpts, summaries, or other documents or media (*e.g.*, electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in general terms) Confidential Information or Highly Confidential Information shall also be treated as Confidential Information or Highly Confidential Information pursuant to this Order.

[1] Private information includes, but is not limited to, social security numbers, dates of birth, and financial account numbers.

## II. Designation of Discovery Materials as Confidential or Highly Confidential

5. Each party or non-party that designates Discovery Materials as Confidential or Highly Confidential Information shall take care to limit any such designations to material that qualifies under the standards set forth in this Order.

6. Any Discovery Materials that are to be designated "Confidential" or "Highly Confidential" may be so designated by the producing party or non-party by (i) providing copies of the documents, material, or information so designated that are stamped with the legend "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER", "HIGHLY CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER", or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL EYES ONLY"; or (ii) at the time of their production or as soon thereafter as practicable, furnishing a separate written notice to the undersigned counsel for the party receiving such Discovery Materials specifically identifying the documents or materials as "Confidential" or "Highly Confidential," so long as the producing party supplies substitute copies (bearing the same bates numbers as the original copies, where practicable) of any such documents bearing the designations set forth in Paragraph 6(i) within 5 business days or as many days as the parties shall agree.

7. Any Discovery Material initially designated as Confidential or Highly Confidential in prior litigation, which subsequently lost its designation pursuant to a court order, or was publicly filed in the prior litigation, shall be treated in this action consistent with its final status in the prior litigation. In order to assist the receiving party in identifying formerly Confidential or Highly Confidential materials that either subsequently lost their designation or were publicly filed, when a producing party re-produces a discrete set of Discovery Materials from a prior litigation, the producing party will identify, by name, matter number, and jurisdiction, the matter(s) in which the Discovery Materials were produced. To the extent a

producing party makes documents available for inspection and copying at the producing party's or counsel's location prior to confidentiality designation of the documents, such materials shall be treated as Highly Confidential until such time as they are produced and assigned confidentiality designations in accordance with this Order.

8. Any deposition testimony concerning a Confidential or Highly Confidential document produced by a non-party will be marked by the court reporter or videographer as Confidential or Highly Confidential on the deposition transcript or video recording.

9. Deposition testimony and the transcripts and video recordings thereof for depositions conducted during pretrial discovery in this litigation shall be treated as Highly Confidential for a period of 40 days, or for as many days as the parties shall agree, after receipt of such deposition transcript and/or video recordings to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any Highly Confidential Information or Confidential Information contained therein. Such Highly Confidential or Confidential Information shall be designated by page and line number, and discs or other storage media shall be labeled in accordance with the provisions of this Order.

10. A copy of this Order shall be included with each subpoena served on non-parties, and the subpoena shall state that this Order shall apply to all documents or other information produced in response to the subpoena.

11. In any instance where a producing party asserts a higher level of protection to Discovery Material after its initial production, the higher protection level shall apply to the materials only as of the time of their redesignation. Persons who obtain access to such materials prior to their redesignation shall, from the time of notice to them of the materials' redesignation, restrict their review or use of those materials in accordance with the higher protection level.

## III. Inadvertent Production

12. If Confidential Information or Highly Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing party or non-party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

13. Inadvertent production of or failure to designate any information as Confidential or Highly Confidential shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as Confidential or Highly Confidential as appropriate.

14. Pursuant to Fed. R. Evid. 502(d), inadvertent production of any document produced pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii) or in response to discovery requests in this action by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege or work product protection. The provisions of Federal Rule of Evidence 502(b) are inapplicable to Inadvertently Produced Privileged Documents under this Order. A party or non-party may request the return of any document ("Notice of Recall") that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production (i.e. attorney-client privilege, attorney work product, etc.) within 10 business days of discovery of the inadvertent production. The procedure for handling Inadvertently Produced Privileged Documents shall be as follows:

(a) The producing party shall include privilege log entries for the Inadvertently Produced Privileged Document(s) as part of its production of privilege log(s) to the receiving party at a date agreed upon by the parties. If the Notice of Recall is issued after the initial production of privilege logs, the producing party shall provide a privilege log for the recalled documents to the receiving party within 5 business days of the Notice of Recall. If the recall involves redaction of the Inadvertently Produced Privileged Document(s), the redacted version of the document shall be provided simultaneously with the privilege log.

(b) The privilege log shall comply with Fed. R. Civ. P. 26(b)(5).

(c) Upon receipt of the Notice of Recall, the receiving party must decide whether to challenge the Notice of Recall within 7 business days or wait until receipt of the final privilege logs to make any privilege challenges. If the receiving party does not challenge the Notice of Recall within 7 business days and chooses to wait until receipt of the final privilege logs to make any privilege challenges, it must destroy the recalled document(s) within 10 business days of receipt of the Notice of Recall and refrain from reviewing the same for any purpose. All electronic copies shall likewise be deleted or otherwise be permanently removed from any database(s) within 10 business days of receipt of the Notice of Recall.

(d) If the receiving party challenges the privilege claim within 7 business days after receiving the Notice of Recall, it may sequester up to two hard copies of a recalled document. The sequestered documents may not be used for any purpose other than to challenge the Notice of Recall until resolution of the challenge. All other hard copies of an Inadvertently Produced Privileged Document must be destroyed, and electronic copies

of the document (including those maintained on a database) rendered unviewable, within 10 business days of receipt of the Notice of Recall.

(e) If the receiving party challenges the privilege claim within 7 business days after receiving the Notice of Recall, it shall request a meet and confer to discuss the appropriateness of the privilege claim(s). The parties shall thereafter meet and confer within 10 business days, or as soon thereafter as agreed upon by the parties.

(f) If, after compliance with the foregoing steps (a) through (e), the receiving party concludes that it disputes the validity of the claim of privilege of a recalled document, it may file a motion to challenge the privilege claim. The parties agree that any sequestered Inadvertently Produced Privileged Documents subject to the motion may be submitted to the Court for *in camera* review. Unless otherwise agreed by the parties or ordered by the Court, all such motions shall be made on notice, with briefing schedule and page limits agreed by the parties or set by the Court. If the receiving party does not file a motion within 10 days after conclusion of the meet and confer, the receiving party must certify destruction of the recalled document, including all sequestered copies, no later than 3 business days after the expiration of the 10-day period.

(g) Unless the receiving party's motion to compel is successful or the privilege claim is withdrawn, there may be no use of a recalled document for any purpose other than resolving claims of privilege.

(h) If the recall of a document is made during the taking of a deposition or shortly before the occurrence of a deposition, the examining counsel and defending counsel shall meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the circumstances, consistent with this Protective

Order. In the event the claim of privilege is withdrawn or the Court determines the document to be not subject to a valid claim of privilege, if examining counsel and defending counsel do not agree otherwise, the Court shall determine any appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary.

(i) To the extent previously-produced documents were inadvertently produced and retracted in any prior litigation, the inadvertent reproduction of such documents in this case shall not be deemed a waiver of privilege.

## IV. Permissible Uses of Discovery Material

15. All persons obtaining access to Discovery Material produced in connection with this action shall use it only for the purpose of this litigation and not for any other purpose. However, this provision shall not apply to any Discovery Material subsequent to its becoming part of the public record in this action or in prior litigation. Nothing in this Order shall limit or restrict a party's rights, if any, to use its own Discovery Material or any information obtained independent of discovery in this action in any manner that the party deems appropriate.

16. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material, or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material, or information are also obtained through discovery proceedings in this action.

17. Confidential Information may be disclosed only to the following persons:

(a) The Court;

(b) Outside counsel for any party, including associated personnel necessary to assist outside counsel in the action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

(c) Consultants, experts, or litigation support services, including outside copying services, court reporters, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party for the purpose of assisting that party in this action, provided that any retained consultant or expert is not, at the time Discovery Material is disclosed, a defendant in this action or an employee of a defendant in these actions (nor known to the engaging party to have accepted an offer to become an employee of a defendant in these actions).

(d) Associated personnel of any person within categories (a) through (c) for whom access to Confidential Information is necessary to assist such persons in the action, including any Court personnel assisting the Court, secretarial or other clerical personnel, stenographers or other persons involved in taking or transcribing or videotaping of testimony in this action, and principals and employees of the firm with which consultants or experts are associated;

(e) Any other person as to whom the party or non-party producing the Confidential Information has consented to disclosure in advance and in writing, on notice to each party hereto;

(f) During their depositions, witnesses in the action to whom the disclosure is reasonably necessary, consistent with the provisions of paragraphs 21 and 23 below;

(g) In house-counsel, legal assistants, and other legal staff for each of the parties. Parties that do not employ in-house counsel may each designate, and identify to the other parties, one officer, director, or employee in the place of in-house counsel pursuant to this provision. No party shall disclose Confidential Information to a designated non-legal staff person pursuant to this paragraph until: (1) the proposed

recipient has executed a confidentiality agreement in accordance with the procedures set forth in paragraph 21, and (2) notice of the designation and intended disclosure has been provided to all parties without objection for at least 7 business days. The Court will entertain any objection to the disclosure of Confidential Information pursuant to this paragraph that is made within 7 business days of receipt of notice of the intended disclosure.

18. Highly Confidential Information may be disclosed only to any persons falling within categories (a) through (e) in paragraph 17 above.

19. Notwithstanding the provisions in paragraphs 17 and 18 above, Confidential and Highly Confidential Information may be disclosed to any employee of the party or non-party producing such information.

20. Without limiting any other disclosure permitted under this Order, counsel for a party may disclose (i) Highly Confidential Information to any witness at a deposition or (ii) Confidential or Highly Confidential Information to a witness outside a deposition, provided counsel has obtained consent of counsel for the producing party or non-party. Such consent shall not be unreasonably withheld. However, counsel need not obtain consent if (i) the person is an author or recipient of the Confidential or Highly Confidential Information; or (ii) the person is a former employee of the producing party or non-party and is known to have prior knowledge of the specific document containing the Confidential or Highly Confidential Information to be disclosed; or (iii) the person is a former employee of the producing party or non-party and is reasonably likely to have had prior knowledge of the subject matter referenced in the Confidential or Highly Confidential Information to be disclosed.

21. Persons described in paragraph 17(b) (and their associated personnel) shall be deemed bound by the terms of this Order upon its entry by the Court. A party disclosing Confidential Information or Highly Confidential Information to a person described in paragraph 17(c) (and associated personnel), 17(e), or 17(f) must first: (i) advise the recipient that the information is Confidential or Highly Confidential Information and may only be used in connection with this or related litigation; (ii) provide the recipient with a copy of this Order; and (iii) attempt to obtain the recipient's execution of a confidentiality agreement in accordance with the procedures set forth in paragraph 23.

22. Nothing in this Order shall prevent any counsel from advising his or her client concerning this litigation and, in the course of providing such advice, from referring to or disclosing generally Confidential or Highly Confidential Information, so long as he or she does not disclose its specific contents.

23. Subject to the terms of this Order and the Federal Rules of Civil Procedure, any party may use Confidential Information in the course of a deposition or hearing provided that, prior to any examination of a witness with respect to such Confidential Information, the witness and court reporter(s) are furnished with a copy of this Order, and are shown a confidentiality agreement stating the following:

> "I, [name, position of employment], hereby acknowledge and agree that I am about to receive confidential information. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Court's Protective Order of [date entered] in this matter. I have been given a copy of and have read this Order and agree to be bound by its terms."

Counsel for each party representing a deposition witness shall have responsibility for supplying this Order to that witness before the deposition and attempting to obtain their execution of the confidentiality agreement. Witnesses not represented by a party's counsel shall be provided with

a copy of this Order at the start of the examination, and shall be advised on the record that he or she is subject to sanctions for violating the terms of this Order. If a witness refuses to execute a copy of the confidentiality agreement, the admonition in the immediately preceding sentence shall serve as a substitute for the execution of the confidentiality agreement, and shall be sufficient to allow for examination of the witness as to Confidential Information.

## V. Challenges to Confidential or Highly Confidential Designations

24. A receiving party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

25. If any party disagrees with the designation by the producing party or non-party of any Discovery Material as Confidential or Highly Confidential Information, then the parties to the dispute, after providing notice to all parties in this action, will first promptly meet and confer in an attempt to resolve the dispute before presenting the dispute to the Court. All items objected to shall continue to be treated as Confidential or Highly Confidential pending resolution of the parties' dispute. If the dispute can be resolved, all parties shall promptly be informed of the resolution. If the dispute cannot be resolved informally, the disputing party may move the Court for a redesignation of the Discovery Material. Until the Court rules on the motion, the material shall be treated consistent with its existing designation.

26. The producing party or non-party bears the burden of persuading the Court that the information is in fact Confidential or Highly Confidential within the definition(s) of those term(s) set forth above. In the event the final ruling is that the challenged material is not Confidential or Highly Confidential, the producing party shall, at its expense, reproduce copies of all materials with their designations removed or revised within 30 days of such ruling.

27. Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular documents, material, or information contain or reflect currently valuable financial, trade secrets, or proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material, or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material, or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery shall be had of certain documents or information; (iv) to seek a higher level of protection than provided for by this Order; or (v) to seek documents or other information from any source.

## VI. Efforts by Non-Parties to Obtain Confidential Information

28. If any party has obtained Confidential or Highly Confidential Information under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such Confidential or Highly Confidential Information, such party shall notify the producing party or non-party no later than 7 business days following receipt of the subpoena (but in no event later than 7 business days prior to compliance with the subpoena), including in such notice the date set for the production of such subpoenaed information, so that the producing party may file a motion for a protective order or to quash the subpoena. In the event the producing party files such a motion, the subpoenaed party shall not produce any Confidential or Highly Confidential Information in response to the subpoena without the prior written consent of the producing party or non-party unless in response to an order of a court of competent jurisdiction, or unless a failure to produce such Confidential or Highly Confidential Information would, in the judgment of the subpoenaed party, constitute a violation of any law, rule or regulation.

29. The parties will not object to the producing party or non-party having a reasonable opportunity to appear in the litigation or process commanding disclosure of such Confidential or Highly Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

## VII. Procedures Concerning Third-Party Materials

30. To the extent a party to this action is required to produce Discovery Materials that were initially produced in a prior litigation, or which otherwise contain information supplied by a non-party to this action, or which are covered by a nondisclosure agreement pursuant to which consent to production must be obtained ("Third-Party Materials"), and notice must be given prior to production in this action of such Third-Party Materials, the producing party should initiate the steps necessary to comply with any pre-production notice requirements imposed by any protective order in a prior litigation and/or any other notice obligations ("Third-Party Notice Requirements"). Upon satisfaction of its Third-Party Notice Requirements and resolution of any objections to the production of the Third Party Materials in this action, the producing party shall promptly produce such Third-Party Materials. The Parties reserve all rights to invoke this Court's jurisdiction in this litigation to resolve any issues relating to third parties' rights in the production of these Discovery Materials.

31. In the event a producing party inadvertently produces Third-Party Materials without first complying with any Third-Party Notice Requirements ("Inadvertently Produced Third-Party Materials"), the producing party may request the return of the Inadvertently Produced Third-Party Materials, and the possessing parties shall within 5 business days return or destroy such Inadvertently Produced Third-Party Materials, except that, in the event a possessing party expects to move for an order allowing continued retention and use of the recalled Inadvertently Produced Third-Party Materials, the possessing party may retain one copy of such

materials, solely for use in connection with such a motion. Promptly after discovering its production of Inadvertently Produced Third-Party Materials, the producing party shall comply with any applicable Third-Party Notice Requirements.

## VIII. Redactions and Filing Under Seal

32. All Confidential or Highly Confidential Information filed with the Court shall be redacted or filed under seal pursuant to LCvR 5.1(h) & 5.4(f). Where possible, only confidential portions of filings with the Court shall be filed under seal.

33. The parties shall take all necessary steps to ensure that discussions of Confidential or Highly Confidential Information during court proceedings are so designated and redacted from publicly filed transcripts of those proceedings.

## IX. Use of Confidential or Highly Confidential Information at Trial

34. In the event that a receiving party intends to use another party's Confidential Information or Highly Confidential Information in any trial, hearing, or proceeding in these actions, and there is any dispute as to whether such material continues to be Confidential or Highly Confidential, the parties will meet and confer to resolve such dispute. Pursuant to the procedure in paragraph 25 of this Order, the parties shall confer and attempt to agree before any trial, hearing, or proceeding in these actions on the procedures under which a receiving party may introduce into evidence or otherwise use at such trial or hearing another party's Confidential or Highly Confidential Information. Upon reaching agreement, the parties shall submit the terms of such agreement to the Court for its consideration. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential and Highly Confidential Information at trial, hearing, or proceeding upon reasonable notice to all parties who have produced such information.

35. The parties shall confer and attempt to agree before any trial, hearing, or proceeding in these actions on the procedures under which a receiving party may introduce into evidence or otherwise use at such trial or hearing a non-party's Confidential or Highly Confidential Information. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Confidential or Highly Confidential Information which may be used or introduced at such trial, hearing, or proceeding, and shall submit the terms of such agreement to the Court for its consideration. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential and Highly Confidential Information at trial, hearing, or proceeding, upon reasonable notice to all non-parties who have produced such information.

## X. Procedures upon Termination of Action

36. After the running of any applicable time to appeal the final order entered in this litigation, any producing party or non-party may request that a party return or destroy any Discovery Material the producing party or non-party has provided (other than outside counsel's copies of documents filed with the Court and outside counsel's file copies of papers prepared in connection with this matter), which request shall be honored. If the possessing party elects to destroy the Discovery Material rather than return it, the possessing party shall provide the producing party written certification that the destruction has been completed. Nothing in this provision shall limit the rights, if any, of any party or non-party to object to and seek a ruling of the Court concerning a parties' retention of any Discovery Material. To the extent any person retains copies of certain documents pursuant to the terms of this paragraph, such information shall continue to be subject to the protections provided by this Order. In addition, all restrictions in this Order regarding the use by any person of information or knowledge obtained from

Discovery Materials shall continue even after such Discovery Materials are returned or destroyed.

**XI. Miscellaneous**

37. This Order shall not affect the right of any party or non-party to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, the Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

38. Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order upon due notice to all other parties and affected non-parties.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: January 20, 2017

By: /s/Jonathan L. Rubin

Jonathan L. Rubin (D.C. Bar No. 353391)
Don A. Resnikoff (D.C. Bar No. 386688)
RUBIN PLLC
1250 24th Street, N.W., Ste. 300
Washington, D.C. 20037
Tel: (202) 776-7763
Fax: (877) 247-8586
jr@rubinpllc.com

Daniel J. Mogin (*pro hac vice*)
Jodie M. Williams (*pro hac vice*)
THE MOGIN LAW FIRM, P.C.
707 Broadway, Suite 1000
San Diego, CA 92101
Tel: (619) 687-6611
Fax: (619) 687-6610
dmogin@moginlaw.com

*Counsel for Plaintiffs the National ATM Council, Inc.; ATMs of the South, Inc.;*

*Business Resource Group, Inc.; Cabe & Cato, Inc.; Just ATMs, Inc.; Wash Water Solutions, Inc.; ATM Bankcard Services, Inc.; Meiners Development Company of Lee's Summit, Missouri, LLC; Mills-Tel, Corp. d/b/a First American ATM; Selman Telecommunications Investment Group, LLC; Scot Garner d/b/a SJI; Turnkey ATM Solutions, LLC; Trinity Holdings Ltd, Inc.; and T&T Communications, Inc. and Randal N. Bro d/b/a T & B Investments*

Dated: January 20, 2017

By: /s/ Steve W. Berman

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Jennifer Fountain Connolly
(D.C. Bar No. 1019148)
HAGENS BERMAN SOBOL SHAPIRO LLP
1701 Pennsylvania Ave. NW, Suite 300
Washington, D.C. 20006
Telephone: (202) 248-5403
jenniferc@hbsslaw.com

Stephen R. Neuwirth (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
stephenneuwirth@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
adamwolfson@quinnemanuel.com

Lauren Weeman Misztal

(D.C. Bar No. 1015897)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
777 6th Street, NW, 11th Floor
Washington, D.C. 20001
Telephone: (202) 538-8000
laurenmisztal@quinnemanuel.com

Craig L. Briskin
(D.C. Bar No. 980841)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Cbriskin@Findjustice.com

*Counsel for Plaintiffs Andrew Mackmin, Barbara Inglis, and Sam Osborn*

Dated: January 20, 2017

By: /s/ Michael G. McLellan
Michael G. McLellan (D.C. Bar # 489217)
mmclellan@finkelsteinthompson.com
Douglas G. Thompson (D.C. Bar # 172387)
dthompson@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
1077 30th Street, NW, Suite 150
Washington, D.C. 20007
Telephone: (202) 337-8000

*Counsel for Plaintiff Mary Stoumbos*

Dated: January 20, 2017

By: /s/ Mark R. Merley
Mark R. Merley (D.C. Bar No. 375866)
Matthew A. Eisenstein (D.C. Bar No. 476577)
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel.: (202) 942-5000
Fax: (202) 942-5999
mark.merley@apks.com
matt.eisenstein@apks.com

*Counsel for Defendants Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.*

Dated: January 20, 2017

By: /s/ Kenneth A. Gallo

Kenneth A. Gallo (D.C. Bar No. 371253)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 223-7300
Fax: (202) 223-7420
kgallo@paulweiss.com

Gary R. Carney (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990
gcarney@paulweiss.com

*Counsel for Defendants MasterCard Incorporated and MasterCard International Incorporated*

Dated: January 20, 2017

By: /s/ Michael B. Miller

Michael B. Miller (D.C. Bar No. NY0140)
Mark P. Ladner (*pro hac vice*)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104-0050
Tel.: (212) 468-8000
Fax: (212) 468-7900
mladner@mofo.com
mbmiller@mofo.com

*Counsel for Defendants Bank of America, National Association; NB Holdings Corporation; and Bank of America Corporation*

Dated: January 20, 2017

By: /s/ Peter E. Greene
Peter E. Greene (D.C. Bar No. 305607)
Boris Bershteyn (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Tel.: (212) 735-3620
Fax: (917) 777-3620
peter.greene@skadden.com

*Counsel for Defendants Chase Bank USA, N.A.; JPMorgan Chase & Co.; and JPMorgan Chase Bank, N.A.*

Dated: January 20, 2017

By: /s/ William F. Cavanaugh Jr.
William F. Cavanaugh, Jr. (*pro hac vice*)
Daniel S. Ruzumna (D.C. Bar No. 450040)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel.: (212) 336-2000
Fax: (212) 336-2222
wfcavanaugh@pwbt.com
druzumna@pbwt.com

*Counsel for Defendants Wells Fargo & Company and Wells Fargo Bank, N.A.*

IT IS SO ORDERED:

Richard J. Leon
UNITED STATES DISTRICT JUDGE

Dated: 1/29/17