IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ATM COUNCIL, INC., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-01803-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| PETER BURKE, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-1882-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |

**JOINT SUBMISSION REGARDING CASE SCHEDULE**

In accordance with this Court's March 7, 2024 Minute Order and Judge Upadhyaya's May 23, 2024 Order, ECF No. 227, The National ATM Council, Inc., *et al.*, and Peter Burke, *et al.* (collectively "Plaintiffs") and Defendants[1] in the above-captioned cases respectfully make this joint submission regarding a case schedule for further proceedings.

The parties have met and conferred but the two Plaintiff groups have been unable to reach agreement regarding a case schedule. *Burke* Plaintiffs' proposed schedule is attached

---

[1] "Defendants" means Visa Inc., Visa U.S.A. Inc., Visa International Service Association, Plus System Inc., Mastercard Incorporated, and Mastercard International Incorporated d/b/a Mastercard Worldwide.

hereto as Exhibit A.  ATM Operator Plaintiffs' proposed schedule is attached hereto as Exhibit B.  Defendants have no preference as between these two competing schedules, as long as the Court enters a single schedule with the same deadlines across both matters as a matter of efficiency and as contemplated by this Court's March 7, 2024 Minute Order (and numerous prior rulings of the Court).

## *Burke* Plaintiffs' Position

The *Burke* Plaintiffs propose a seconded amended scheduling order that begins with submission of Plaintiffs' expert reports sixty days after completion of the supplemental discovery (the same amount of time previously allotted in the first amended scheduling order) and, with one exception, tracks the same date intervals between events as in the prior amended scheduling order.  The exception is that *Burke* respectfully requests that the interval for preparation of Plaintiffs' rebuttal expert reports be lengthened by a modest 15 days, from 45 days to 60 days.  Burke submits there is good cause for this change because the time for preparation of the rebuttal reports now falls squarely in the year-end Holiday season, which constitutes a material change in circumstances since the prior amended order was negotiated.

In the prior amended scheduling order preparation of rebuttal expert reports would have taken place during the 45 days after submission of Defendants' expert reports on June 6, 2024.  However, with Defendants' expert reports now due on December 19, 2024, maintaining the same interval going forward would squeeze  the preparation of rebuttal reports into a 45 day window that begins at the height of the traditional year-end religious and New Year Holiday season.  In addition, depositions of Defendants' experts will be needed to prepare Plaintiffs' rebuttal reports and will also take place during this same time frame.  Simply shifting all of the date intervals forward without proper consideration of where those dates fall with respect to the annual Holiday

season would place an undue burden on *Burke* Plaintiffs, who will be adversely impacted in their ability to prepare complete and thorough rebuttal reports. Inclusion of an additional 15 days in the schedule will not prejudice other parties and is a reasonable accommodation to balance for the inevitable loss of productivity due to holiday events and travel.

*Burke* Plaintiffs' proposed new schedule of dates as set forth in the attached Exhibit A, together with the respective intervals are:

> **Parties to complete supplemental discovery:** July 22, 2024 (45 days from June 6)
>
> **Plaintiffs' expert reports:** September 20, 2024 (60 days)
>
> **Defendants' expert reports:** December 19, 2024 (90 days)
>
> **Plaintiffs' rebuttal expert reports:** February 17, 2025 (60 days)
>
> **Expert discovery closes:** April 18, 2025 (60 days)

*Burke* Plaintiffs oppose any schedule that would shorten the 60 day interval, previously allotted in the first amended order, for review, analysis and incorporation of supplemental discovery prior to submission of Plaintiffs' expert merits reports. Both Wells Fargo data and independent Operator data were important to the analysis by *Burke*'s class certification expert, Dr. Lehr, and updated data from these sources will be important again in the merits phase of the case. See rebuttal report of Dr. William Lehr PhD at pp. 60-62 (Wells) and pp. 79-81 (two independent ATM Operators).

## ATM Operators' Position

The ATM Operator Class schedule is different, and more expedited, than the Burke Class proposal. The ATM Operator Class submits that there is no longer a compelling reason to maintain synchrony between the operator's case schedule and the Burke consumer's case schedule at this stage of the litigation. The actions are not consolidated and will not be tried

3

together. The Burke Class proposes a schedule that includes a 60-day period after the production of supplemental data by Wells Fargo and the ATM Operator Class Representatives before submission of its expert report and an additional two-week period before submission of its expert rebuttal report. The ATM Operators do not rely on the Wells Fargo data and respectfully object, after 12 years of litigation, to standing idle for a two-month period to await events to occur in a separate action. To date, Defendants have benefited from the efficiency of synchronized case schedules, but at some juncture before trial the schedules must be de-linked. The ATM Operator Class respectfully submits that doing so at this time will not impose an unreasonable burden on Defendants, and certainly no greater a burden than would be required of any other Defendants facing two separate civil actions. For these reasons, the ATM Operator Class respectfully requests entry of its proposed Second Amended Scheduling Order.

**Defendants' Position**

On December 8, 2023, this Court entered the Amended Scheduling Order that resolved competing positions raised by the parties. ECF No. 216. Thereafter, Defendants moved for clarification of the Scheduling Order and to compel the ATM Operators to produce supplemental discovery. *See* ECF Nos. 217 and 224. On March 7, 2024, this Court suspended the deadlines in the Amended Scheduling Order pending resolution of the discovery disputes, which the Court referred to Magistrate Judge Upadhyaya. The Court's March 7, 2024 Minute Order stated the following:

> It is hereby ORDERED that the deadlines set out in the Amended Scheduling Order are suspended until the current discovery dispute is decided. It is further ORDERED that the parties shall have 14 days after the decision in the current discovery dispute is issued to submit a JOINT scheduling proposal. The joint scheduling proposal shall propose new dates only; the Court will not revisit its previous decisions regarding, e.g., how expert discovery is to be conducted

   or how the deadline for MSJ/Daubert briefing will be determined.
   SO ORDERED.

Judge Upadhyaya resolved all of the discovery disputes in Defendants' favor at a hearing on May 22, 2024. *See* ECF No. 227.

  As Defendants explained to Plaintiffs during the parties' meet and confer, Defendants are agnostic as between the two competing sets of deadlines proposed by the ATM Operator and *Burke* Plaintiffs. However, Defendants strongly oppose ATM Operators' request that the Court revisit its March 7, 2024 Minute Order and reverse its long-standing decision to coordinate these cases for case management and discovery purposes. *See* ECF No. 117 at 2 (parties stating in 2017 that they "agree with the Court that the three cases should be coordinated for case management and discovery purposes"). The ATM Operators have made this request multiple times throughout this litigation, all without success. *See, e.g.* ECF No. 125 at 3; ECF No. 127 at 13–14. Their attempt to re-introduce a scheduling dispute that the Court has previously resolved contravenes the Court's clear instruction that the parties "shall propose ***new dates only***," and that "the Court ***will not revisit its previous decisions*** regarding, e.g., how expert discovery is to be conducted." Mar. 7, 2024 Minute Order (emphasis added).

  In any event, coordination remains the most efficient course for the reasons Defendants have previously stated. *See, e.g.*, ECF No. 125 at 4; ECF No. 127 at 14. If the deadlines in each case are different, Defendants will have to serve multiple overlapping expert reports and each of their experts could be subject to multiple overlapping depositions, as Defendants have previously explained. "De-linking" the cases serves no purpose other than to obfuscate the obvious relationship between these two groups of plaintiffs who claim to have been injured by the same conduct on the same ATM transactions. Moreover, ATM Operators' expressed concern over

how the cases will be tried is premature and irrelevant to the deadlines the parties are currently proposing.

ATM Operators also ignore reality in suggesting that they are being forced, through no fault of their own, to await productions "in a separate action." These cases have been delayed because *for six months* ATM Operators *refused* to produce their own updated data and likewise *refused* Defendants' efforts to obtain updated data from a third party. *See* ECF No. 217 at 3; ECF No. 222; ECF No. 224 at 4–5; ECF No. 226-1. Had ATM Operators simply acknowledged the appropriate scope of supplemental discovery—rather than waiting for Judge Upadhyaya to reject their baseless objections—the outstanding productions would already have been completed.

ATM Operators should not be able to use their own inefficient (and rejected) tactics as a justification for "de-linking" these cases and thereby creating more inefficiencies going forward.

Dated:  June 5, 2024

By:      /s/  Jonathan L. Rubin
Jonathan L. Rubin (D.C. Bar No. 353391)
MOGINRUBIN LLP
2101 L Street, N.W.
Suite 300
Washington, D.C. 20037
Tel: (202) 630-0616
Fax: (877) 247-8586
jrubin@moginrubin.com

Daniel J. Mogin (*pro hac vice*)
MOGINRUBIN LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 687-6611
Fax: (619) 687-6610
dmogin@moginrubin.com

*Counsel for Plaintiffs the National ATM Council, Inc.; ATMs of the South, Inc.; Business Resource Group, Inc.; Just ATMs USA, Inc.; Wash Water Solutions, Inc.; ATM Bankcard Services, Inc.; Selman Telecommunications Investment Group, LLC; Turnkey ATM Solutions, LLC; and Trinity Holdings Ltd, Inc.; 901 Financial Services LLC*

Dated:  June 5, 2024

By: <u> /s/  Douglas G. Thompson</u>
 Douglas G. Thompson (D.C. Bar # 172387)
dthompson@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
2201 Wisconsin Ave, N.W.
Washington, D.C. 20001
Telephone: 202-337-8000
Facsimile: 202-337-8090

Christopher Lovell
clovell@lshllp.com
Merrick Scott Rayle
mrayle@lshllp.com
LOVELL STEWART HALEBIAN
JACOBSON LLP
500 Fifth Ave, Suite 2440
New York, NY 10110
Telephone: (212) 608-1900
Facsimile: (212) 719-4677

*Counsel for Burke Consumer Class*

Dated:  June 5, 2024

By:  */s/  Kenneth A. Gallo*
Kenneth A. Gallo (D.C. Bar No. 371253)
kgallo@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel. (202) 223-7300
Fax. (202) 223-7420

*Counsel for Defendants Mastercard Incorporated and Mastercard International Incorporated*

Dated:  June 5, 2024

By:  */s/  Matthew A. Eisenstein*
Matthew A. Eisenstein (D.C. Bar No. 476577)
matthew.eisenstein@arnoldporter.com
Rosemary Szanyi (D.C. Bar No. 997859)
rosemary.szanyi@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel. (202) 942-5000
Fax. (202) 942-5999

*Counsel for Defendants Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.*